NO. 07-05-0109-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2005
_____

DONALD HICKS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,202; HON. JIM BOB DARNELL, PRESIDING
_____

*ON ABATEMENT AND REMAND*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Donald Hicks appeals his conviction for burglary of a habitation with intent to commit theft. The clerk's record was filed on July 8, 2005. On July 13, 2005, the reporter filed her first extension request to file the record because of medical restrictions, which request was granted to August 8, 2005. On August 9, 2005, the reporter filed a second extension request, and the Court granted her an extension to September 8, 2005, to file the record. On September 8, 2005, the reporter filed a third extension request, which request was granted to October 10, 2005, along with the admonition that no further extensions would

be authorized. However, on October 10, 2005, a fourth extension request was filed by the reporter for an additional 30 days, stating she was getting help with this case and "should" not need any further extensions.

Accordingly, we abate this appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      why the reporter's record has not been filed;

2.      when the reporter's record can reasonably be filed in a manner that does not have the practical effect of depriving the appellant of his right to appeal or delaying the resolution of this appeal.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record and reporter's record transcribing the hearing with the clerk of this court on or before November 10, 2005. Should further time be needed by the trial court to perform these tasks, then same must be requested before November 10, 2005.

It is so ordered.

Per Curiam

Do not publish.

2